

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ray Winder
County Attorney
Cooke County
Gainesville, Texas

Dear Sir:

Opinion No. O-5110
Re: County officials may, at their option, require their deputies to make surety bonds and related matter.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Cooke County has a population of between 24,000 and 25,000 according to the last Federal census and pays its county officers salaries under the Officers' Salary Law.

"Your opinion is desired as to whether, under the provisions of Article 3899 (b), or other applicable law, the county officers named and referred to therein, are under a duty to require their deputies to make and file official bonds?

"In event your answer is to the effect that said article is not mandatory but permissive, then please advise (1) whether discretion to require such bonds for deputies lies entirely with the employing officer or (2) if final discretion in the matter devolves upon the commissioners' court?

"Art. 3902, Rev. Civ. Statutes, as amended, provides for appointment of deputies, assistants or clerks by district, county or precinct officers requiring them. Official bonds for these deputies not discussed in this Article.

Honorable Ray Winder, Page 2

"Article 3899 of said Statutes requires County Officers to make monthly reports of expenses incurred in the conduct of the office. Section (b) thereof provides, in part, as follows:

"'Each officer named in this Act, where he receives a salary as compensation for his services, shall be entitled and permitted to purchase or charge to his county all reasonable expenses necessary in the proper and legal conduct of his office, premiums on official bonds, premiums on fire, burglary, theft, robbery insurance protecting funds, and including the cost of surety bonds for his deputies, provided that expenses incurred for premiums on officials' bonds for the county treasurer, county auditor, county road commissioners, county school superintendents, and the hide and animal inspector, including the cost of surety bonds for any deputies of any such officers, may also be included, and such expense to be passed on, predetermined and allowed in the time and amount, as nearly as possible, by the commissioners court once each month for the ensuing month, upon the application by each officer, stating the kind, probable amount of expenditure and the necessity for such expenses of his office for such ensuing month, which application shall, before presentation to said court, first be endorsed by the county auditor, if any, otherwise the county treasurer, only as to whether funds are available for payment of such expenses.' *****

"For your information in considering the questions herein presented, I quote or refer to various statutes on the subject of deputies for county officers, viz.:

"Article 6870 of the Revised Civil Statutes of Texas reads as follows:

"'Sheriffs shall be responsible for the official acts of their deputies, and

they shall have power to require from
their deputies bond and security, and
they shall have the same remedies against
their deputies and sureties as any per-
son can have against a sheriff and his
sureties.'

"Article 6879 of said Statutes authorizes Con-
stables in Cities of 8,000 or more inhabitants
(applicable to the City of Gainesville in Cooke
County) to appoint deputies 'who shall qualify as
required of deputy sheriffs.'

"Article 1938 of said Statutes, with reference
to appointment of deputies by the County Clerk,
contains no provision with respect to bonds of
such deputies.

"Article 7252 of said Statutes, authorizes
County Assessor-Collector of taxes to appoint
deputies who 'may require such bond from the per-
son so appointed as he deems necessary for his
indemnity; and the Assessor and Collector of
taxes shall in all cases be liable and account-
able for the proceedings and misconduct in of-
fice of his deputies.'

"Article 1650 of said statutes, as amended by
the 44th Legislature, authorizes appointment of
assistant county auditors and they 'may be required
to give such bond as the County Auditor may deter-
mine, which bond shall be paid for by the County
and shall run in favor of the County and of the
County Auditor as their interests may appear'.

"Art. 331 of said statutes, authorizes County
Attorneys, by consent of the commissioners' court,
to appoint one or more assistants, specifying the
powers of such assistants, term of office, that
they shall take the oath of office, etc. There
is no requirement that such assistant file an of-
ficial bond.

"Art. 3912, Sec. 13(a) of said statutes pro-
vides that the commissioners' court may authorize
employment of a stenographer by the County Judge
and pay for such services out of the general fund

of the County to an amount not to exceed $1200.00 per year. There is no requirement for official bond in such case.

"Unless the implications of Art. 3899 (b) of said statutes require the making and filing of official bonds by deputies of county officers, there seems to be no such requirement as to district clerk deputies nor the deputies of county treasurers and justices of the peace. Except as herein mentioned the statutes, I believe, are silent as to requirement of bonds for deputies."

You have quoted or referred to the pertinent statutes and we deem it unnecessary to refer to them further.

You are respectfully advised that it is the opinion of this department that the county officials referred to in your letter may, at their own option and discretion, require their deputies to execute surety bonds; this, however, is not mandatory.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:mp
Encl.

APPROVED FEB 18, 1943

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN